## MARTIN, Appellant, v. MADDOX, Respondent.

1. An assignment of a stock of goods to a trustee for the benefit of certain designated creditors which provides that the grantor shall be allowed to remain in the possession of the property assigned, and to sell and dispose of the same in the usual course of business until default, is void upon its face as a matter of law as against creditors. (Brooks v. Wimer, 20 Mo. 503; Walter v. Wimer, ante, p. 63, affirmed.)
2. Such a deed of assignment will be held valid as against creditors who have assented to and affirmed it.

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Harding*, for appellant.

I. The court erred in excluding the proof which appellant offered to make, because the assent of the beneficiaries named

in said deed cured any defect which might arise from the terms and provisions thereof, and testimony to prove such assent was competent to rebut alleged fraud, whether constructive or actual.

II. Upon the whole case as proved and offered to be proven, the judgment should have been for the plaintiff.

*N. D. & G. P. Strong*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff brought his action against Maddox, the defendant, who, as sheriff of St. Louis county, had seized and taken, by virtue of an execution to him directed, certain property which the plaintiff claims by virtue of a deed of trust made by True W. Hoit to the plaintiff as trustee for the benefit of certain creditors of Hoit named in the deed.

The following is the deed of trust: "This deed made this 20th day of November, 1854, by and between True W. Hoit, party of the first part, Missionary E. Martin, party of the second part, both of the city and county of St. Louis and state of Missouri, and the persons and firms, creditors of said party of the first part, hereinafter named, parties of the third part, witnesseth : that the said party of the first part, for and in consideration of the debts and trusts hereinafter named and created, and of the sum of one dollar to him paid by said party of the second part, does by these presents grant, bargain, sell, assign, transfer and set over unto said party of the second part and his legal representatives or assigns, all and singular the goods, wares and merchandise, store fixtures and furniture, constituting the stock in trade of him, the said party of the first part, in his business as a retail and wholesale dry goods merchant, which goods, wares and merchandise, store fixtures and furniture, are at present situated in the store No. 155, on Third street, in the store Nos. 212 and 214 Broadway, in the store No. 218 Broadway, and in the store at the south-east corner of Main street and Washington avenue, all in said city of St. Louis ; also all and singular the goods, wares and mer-

chandise, store fixtures and furniture that may hereafter be added to said stocks in either or all of said stores, whether by purchase or otherwise ; and said party of the first part further agrees with said party of the second part, and his legal representatives or assigns, that he, the said party of the second part, and his legal representatives or assigns, shall have a valid lien for all the uses and purposes hereinafter named, upon all and singular the goods, wares and merchandise, store fixtures and furniture, wherever situated, that said party of the first part may hereafter add to his present stock in trade, whether by purchase or otherwise. To have and to hold the above conveyed property unto him, the said party of the second part, and to his legal representatives or assigns, forever, in trust nevertheless for the following uses and purposes, viz : Whereas said party of the first part is justly indebted to said parties of the third part, (being the persons and firms hereinafter named,) in various sums, which indebtedness is partly evidenced by notes of said party of the first part, and in part remains in open account ; and whereas said party of the first part has undertaken and agreed to pay and discharge such portions of said indebtedness as is hereinafter set out, in the space of one year from the date of these presents ; and whereas he has undertaken and agreed not to sell or dispose of said property hereinbefore conveyed, excepting in the usual course of business : Now, therefore, if the said party of the first part shall well and truly pay to each of the said persons and firms the sums hereinafter directed to be paid to them, respectively, within one year from the date of hereof, and if he shall also well and truly keep his said agreement not to sell or dispose of said property except as aforesaid, then this deed shall be void ; but if he shall fail to pay said sums or any of them, or any part of either, or if he shall fail to keep his said agreement last above mentioned, then and in either case this deed shall remain in force ; and in such case, said party of the second part shall forthwith proceed to seize and take possession of the whole or any portion of the goods, wares and merchandise, store fixtures

and furniture, above conveyed or named, wherever the same may then be found, and shall proceed to sell the same at public vendue, at any convenient place in said city of St. Louis, to the highest bidder, for cash, first giving ten days' notice, by advertisement in some newspaper published in said city, of the time, terms and place of sale, and a general description of the property to be sold ; and shall deliver the same to the purchaser or purchasers thereof, and shall collect and receive the proceeds of such sales, out of which he shall pay, first, the cost and expenses of executing the trusts hereby created; second, he shall pay to the following named persons and firms (being said parties of the third part) the sums set against their names, respectively, if so much be then due them from said party of the first part, and if not, then such portion thereof as may remain unpaid, viz : To Woods, Christy & Co., of St. Louis, $444 06 ; to Blanchard, Converse & Co., of Boston, Mass. $4289 01 ; [here follow the names of many persons, with the amounts due each] ; provided, nevertheless, that if the proceeds of said sale should not suffice to pay the above named sums, or so much thereof as may then be unpaid, in full, said party of the second part shall apply said proceeds to the *pro rata* payment thereof. Said party of the first part shall be allowed to remain in the possession of said property hereinbefore mentioned, and to sell and dispose of the same in the usual course of business until default made as aforesaid ; and if a sale shall be made by the party of the second part as hereinbefore provided, and there shall be a surplus after paying the costs and expenses and said debts aforesaid, such surplus shall be paid to said party of the first part or his legal representatives ; and said party of the second part hereby covenants faithfully to perform and execute the trusts herein created. In witness whereof," &c.

The plaintiff also offered to prove as preliminary to offering the deed made by Hoit to plaintiff, dated November 20, 1854, the same just set out above, " that the several parties and firms mentioned in said deed as *cestui que trusts* or beneficiaries had actual notice of the making said deed, and verbally assented to

the terms and conditions thereof before the defendant in this case seized the property in question ; that the property is a part of the same mentioned and described in said deed, and is of the value of $6000 ; that the defendant seized and took away the property in question as stated in plaintiff's petition ; that the property at the time of the seizure was in the store or warehouse mentioned in the deed ; and that the plaintiff at the time was in the employment of Hoit, in said store, and engaged in the actual management and control of said property for the purpose of selling the property and carrying into effect the terms and conditions of said deed." The defendant objected to this evidence. The court excluded it, and plaintiff excepted.

The defendant gave in evidence the execution in favor of Blanchard and others against Hart. It recited that, " Whereas, John A. Blanchard, James A. Converse, William H. Harding, Joseph H. Gray and Edmund W. Converse, on the 23d day of November, 1854, at our Circuit Court, recovered against True W. Hoit the sum of forty three hundred and forty-one dollars and eighty-four cents," &c., commanding the sheriff to make the debt and costs, of the goods, &c., of said Hoit. The cause was tried by the Circuit Court without a jury ; the court found the issue for the defendant, and judgment was rendered for him accordingly. The following is the finding of the court : " That the only title or interest in the goods, wares and merchandise sued for, which the plaintiff has, is under and by virtue of the deed offered in evidence ; that the goods, wares and merchandise sued for were part of those described and included in said deed, and were of the value of $6000 ; that said goods, wares and merchandise were, at the commencement of this suit, in the possession of the defendant as sheriff of St. Louis county, under and by virtue of the writ of execution against True Worthy Hoit mentioned in the answer of the defendant." The plaintiff brings the case here by appeal. In this court the appellant's counsel has made two points on which he relies for the reversal of this judgment ; 1st, the court below erred in excluding the proof which the appellant offered to make, because

the assent of the beneficiaries named in the deed cured any defect which might arise from the terms or provisions thereof, and testimony to prove such assent was competent to rebut alleged fraud, whether constructive or actual ; 2d, upon the whole case, as proved and offered to be proved, the judgment should have been for the plaintiff.

The deed in this case from Hoit to Martin is void as is seen by its face. (Brooks v. Wimer, 20 Mo. 503.) Indeed it is not pretended by the plaintiff's counsel that the deed is otherwise, but they contend that the knowledge of the making of such deed, of its terms and provisions, and of the acceptance of the same, and the assent thereto by the creditors of Hoit, the beneficiaries in the deed, make it good as to such beneficiaries and creditors ; it is not made to defraud them when made by their knowledge and consent. Grant that such is the law in such cases, still it remains to be seen if the facts in this case come within it. The principle is well established. In Hone v. Henriquez, 13 Wend. 243, the Chief Justice, in delivering the opinion of the court, asked the question : " Why is an assignment by a debtor fraudulent ? It is only so because the effect of it is to delay or defeat creditors in the collection of their demands. It is a proceeding therefore adverse to the interests and wishes of creditors ; but if all the creditors assent to such assignment, and agree voluntarily to take their proportion of the assigned property and discharge the debtor, there is no fraud in such a transaction, and of course such an assignment, executed with the assent of all the creditors, would be valid, not void." An assignment confessedly fraudulent is good as to creditors who assent to it. (Burrill on Assignments, 406.) It may be valid in favor of such creditors who choose to affirm it, and voidable against such who disaffirm it. In Burrows et al. v. Alter et al., 7 Mo. 424, this court held the same doctrine. Admitting such to be the law, and that the deed of trust in this case is not fraudulent and void as to the beneficiaries and creditors accepting and affirming it, still the question to be looked at is, did the offered and rejected proof

show that the plaintiffs in the execution, under which the defendant seized the goods in controversy, had ever assented to or affirmed the act of Hart in making this deed of trust? We nowhere find that such evidence was offered. The name Blanchard, Converse & Co., of Boston, Mass., is among the names of others in the list of creditors. Their debt is put down at $4289. The proof was not offered that the plaintiffs in the execution under which the goods were seized were the same mentioned in the list of creditors. The judgment recited in the execution is for a different amount; it is for $4341 84. We can not say that they were the same. The judgment too as recited was rendered on the 23d day of November; the deed is dated the 20th of November. The evidence was not made to bear on the creditors in the execution, and was properly rejected. Then in such a state of the case the court was right in declaring the deed void as. to the creditors in the execution, and, so far as this action is concerned, gave the plaintiff no right to maintain it against the sheriff.

On the second point we think from the whole case the court below could not have rendered judgment otherwise than it did. Its judgment therefore is affirmed; Judge Scott concurring; Judge Leonard absent.