Robert Armstrong, &c., Respondents, v. Elijah G. Tuttle and Harvey W. Smith, Garnishees of William Renth, Appellants.

*Attachment—Garnishee—Fraudulent Conveyance.*—A deed of trust made by a debtor conveying a stock in trade to secure notes not due, and reserving to the grantors the right to remain in possession, with the right of using and selling the property until the happening of some one of the contingencies, without accountability to any one for the proceeds of sales made in the mean time, is a conveyance for the use of the grantor, and is fraudulent and void as against attaching creditors; and although the trustee may have taken possession of the goods, he will be held liable as garnishee to the attaching creditor for the property in his hands. (Bates, C. J., dissenting.)

*Appeal from St. Louis Circuit Court.*

By deed of trust dated April 10th, 1857, duly recorded,

William Renth and Catharine his wife conveyed to Harvey W. Smith, as trustee of Elijah G. Tuttle, all the stock in trade, merchandise and fixtures, situated in the store No. 61 Fourth street, in the city of St. Louis, which store was then occupied by said Renth and wife, for carrying on the millinery business; the said stock and merchandise consisting of silk and straw bonnets, ribbons, millinery goods, and trimmings suitable for said business, in trust to secure the payment of four notes, of even date each, for $1368.07, at three, six, nine and twelve months, which said four notes were given in lieu of other notes returned under an agreement to extend the time of payment. Among the conditions of the deed were the following:

"Whereas, for their mutual benefit and the accommodation of said Renth and wife, it is agreed between the parties hereto, that said parties of the first part shall remain in possession of the property hereby conveyed for the purpose, and with the right of using and selling the same in the regular course of their said business, in order to pay said indebtedness out of the proceeds of said business, so long as said business shall be by them carried on in good faith and to the satisfaction of said Tuttle, or until or unless the said business should be interfered with, or the said property or any portions thereof seized or levied upon at the suit, claim or demand of any person other than said Tuttle, or the possession thereof by said parties of the first part be in any manner molested or endangered; in which event, or in case the said parties of the first part shall not conduct said business as aforesaid, it is hereby agreed that said trustee shall be, and he is hereby authorized and empowered as against all other persons, to enter and take possession of said property himself, or by his agent, and the same to dispose of as hereinafter mentioned. Now if the said William Renth, or any person for him, shall well and truly pay and discharge, at or before maturity thereof, respectively, each and every one of the notes above mentioned, with all interest thereon, then this conveyance shall be void, &c.; but if the said notes, or

either, or any part thereof, or any interest thereon, shall not be fully paid when due to the holder of such note or notes; or if the said parties of the first part, or either of them, shall at any time before all of said notes are fully paid, be sued by, or the said property or any part thereof be levied upon, seized or attached at the suit, claim or demand of any other person ; or if said party of the third part shall believe (whether from unusual or forced sales by said parties of the first part, or from any disposal by them of said property or of any part thereof, not in the usual and legitimate course of their said business, as from their failure to perform any understanding entered into between said Renth and wife and said Tuttle for the gradual payment of said notes) that his said debt is or may in any way be endangered, or this security therefor impaired, then and in either of the cases above specified this conveyance shall remain in force, and the said trustee himself, or by his agent thereto appointed by him, may in such case, and at the request of said Tuttle, at any time enter and take possession of the store above mentioned, and of the property hereinbefore conveyed, or any part thereof, and may proceed to sell the same at public or private sale, on the premises or elsewhere, in his discretion, in such manner as to quantity and time of sales, and upon such terms as to cash or credit, and giving such notice by advertisement, if any, as he shall deem for the best interest of all parties concerned," &c., &c.

A judgment was rendered in the St. Louis Circuit Court on the 22d of April, 1857, in favor of plaintiffs, against William Renth, for $1,297.78, upon which was issued an execution on the same day, and on the 23d of April, 1863, the said appellants were garnished. At the return term of said execution, interrogatories were filed, to which appellants answered. Respondents filed denial of same, to which appellants replied putting in issue whether the said deed of trust was fraudulent and void in law—fraudulent in fact, and the value of the goods conveyed and in possession of appellants under said deed of trust.

The pleadings did not raise the question of off-set or the right of appellants to retain the proceeds arising from the sale of the goods conveyed to the amount of Tuttle's claim. There was evidence tending to show the deed of trust fraudulent in fact. Appellants only claimed the goods and proceeds thereof in virtue of said deed of trust. Renth and wife, after the execution of the deed of trust, continued in possession of the stock of goods, and continued to sell the same in the usual course of business until the 23d of April, 1857, when H. W. Smith, at the direction of Tuttle, demanded and took possession, &c. The court tried the case without a jury, and after hearing the evidence and granting instructions, found for plaintiffs the sum of $7,132.50, and that William Renth owed respondents $1,511.58, for which sum judgment was rendered against appellants in favor of respondents. Appellants filed a motion for a new trial, which being overruled, they appealed.

The following instructions were given at the instance of plaintiffs :

1. Plaintiffs ask the court to declare the law to be that the deed of trust, a copy of which is in evidence, is absolutely void upon its face, as a matter of law, as against the plaintiffs, if they were creditors of Renth at the time of the execution of said deed.

2. If said Smith, pretending to act as trustee under said deed of trust, at the instance and request of Tuttle took possession of the stock of goods (mentioned in said deed) belonging to said Renth, and under the direction of said Tuttle sold the same ; and if at the time of the execution of said deed, and if at the time of the taking of said goods, and the sale thereof, the plaintiffs were creditors of said Renth ; and if at the time said Tuttle and Smith were summoned as garnishees herein, they had in their possession the stock of goods or the proceeds thereof ; or if said Smith had the possession of said goods, or the proceeds thereof, under the direction of Tuttle, at the time he and Tuttle were summoned as garnishees herein, then the said Tuttle and Smith are

both liable to the plaintiffs in this proceeding for the reasonable value of said goods, or the proceeds thereof, not exceed-the amount of plaintiffs' claim against said Renth.

3. If the deed of trust, a copy of which is in evidence, is absolutely void on its face as a matter of law as against the plaintiffs, then neither the said Smith nor Tuttle had any right or color of right as against plaintiffs to interfere with the stock of goods mentioned in said deed; and if said Smith at the instance of Tuttle, and as his agent, and for his benefit, took possession of said goods under pretence of right under deed of trust, and sold a part of said goods at the store of Renth at the instance of Tuttle, and paid the proceeds over to Tuttle, and moved the balance of the goods to Tuttle's store, and sold a part of said balance at the store of Tuttle at his instance, and paid the proceeds over to Tuttle, and a remaining portion of said goods were sold at auction at the instance of Tuttle, and the proceeds of such remaining balance were paid over to Tuttle, and while the said goods or the proceeds thereof were in the possession of said Smith or Tuttle, as above stated, they were summoned as garnishees herein, then plaintiffs are entitled to recover against them the value of the goods so taken and sold, not exceeding the amount of their claims against Renth; in such case it makes no difference whether Tuttle was a *bona fide* creditor of Renth or not, nor whether Tuttle credited the proceeds of said goods to the payment of his debt due by Renth or not.

To the giving of said instructions the defendants duly excepted.

The following instruction was given at the instance of the garnishees:

1. The court sitting as a jury declares the law to be, that the statements in the answer of the garnishees in this cause are evidence in their favor, and are presumed to be true until the contrary is made to appear by the plaintiffs.

The following instructions were asked by defendants and refused, to which they duly excepted:

2. That it is a question of fact for the jury to decide upon all the evidence before them whether the deed of trust made by Renth and wife to Tuttle's trustee, was made and intended to be for the use of said grantors ; and if the jury believe that the said deed was not so made and intended, they will find for the garnishees.

3. That the deed of trust in evidence from Renth and wife to Smith in trust for Tuttle, is not in itself fraudulent in law, nor is it void by its terms.

4. That unless the jury believe from the whole evidence in the case that the deed of trust from Renth and wife to Smith was in fact made with a fraudulent intent, and that the trustee Smith had knowledge of and assented to such fraudulent intent, they will find for the garnishees.

5. That it is incumbent on the plaintiffs in order to avoid the deed of trust in question, to prove to the satisfaction of the jury, that the same was made with a fraudulent intent in fact on the part of said grantors, and that such fraudulent intent was known and assented to by Smith the trustee ; and that although said deed, if in fact made for the use of said Renth, or if made with the fraudulent intent to hinder or delay other creditors of said Renth, would thereby be made void if the trustee knew of and assented to such fraudulent intent, yet it is for the plaintiffs to show that it was so made aside from the terms of said deed.

6. The fact that said Renth was permitted to retain possession of the goods and merchandise mentioned in the deed of trust to Smith after the execution of said deed, is not of itself sufficient to make said deed void ; if the jury also find that said deed was acknowledged and recorded in St. Louis county, and even though it was agreed between the parties thereto that said Renth and wife might retain possession and dispose of said goods, yet it is for the jury to find upon the evidence, whether, under all the facts of the case, the conveyance was in fact made and intended for the use of said Renth, or whether it was in fact made and accepted with any fraudulent intent as to the rights of other creditors of Renth ;

and unless the jury believe from the evidence the said deed was made for the use of said grantors, or was made and accepted with such fraudulent intent in fact as above, they will find for the defendants.

7. That even though by agreement of said trustee said Renth was permitted to retain possession of the goods mentioned in said deed of trust, and to sell the same, yet if the jury believe that by and under such agreement, and as a condition thereof, said Renth and wife were to pay over all net proceeds of such sales to the trustee, to be applied on the debt secured by said deed, and that such possession and permission to sell were agreed to solely for the use and benefit of the creditors in the trust, and in order to secure the payment of said debt, and not with any fraudulent intent in fact; then if the jury also find that said deed of trust was duly acknowledged and recorded in St. Louis county, they will find for the garnishees.

8. Although the jury believe that by agreement between the trustee and said Renth and wife, the latter were permitted to retain possession of the goods mentioned in said deed of trust, and to sell the same and receive the proceeds, yet if the jury also believe that such agreement was upon the condition that said Renth and wife should account for and pay over to the trustee, to be applied on the debt secured by said deed, all the net proceeds of such sales as they might make, and that upon their failure so to do their right of possession and sale ceased under said agreement, then the court declares that such agreement does not make void said deed of trust; and if the jury further find that said deed was duly acknowledged and recorded in St. Louis county, and the plaintiffs have not otherwise proved to the satisfaction of the jury that said deed was in fact made with the intent to defraud other creditors of said Renth, and that such fraud was known and assented to by the trustee, then they will find for the garnishees.

9. If the jury believe that the deed of trust in question was made *bona fide* for the purpose of securing the payment

of money due or to become due from Renth to Tuttle, and that said deed was understood by said Renth when he signed it, and that it was acknowledged before a notary public in St. Louis county, and recorded therein; and further believes that the goods and merchandise therein mentioned were permitted by the trustee to remain in the possession of said Renth, and to be sold or disposed of by him for the sole purpose and with the understanding that all net proceeds of such sales should be accounted for and paid over by said Renth and wife to the trustee, to be applied on the debt so secured, and that said Renth and wife were not to retain possession or dispose of said goods except on conditinn of so accounting and paying over them, such understanding or agreement did not avoid or invalidate said deed; and unless the plaintiffs shall have otherwise proved to the satisfaction of the jury that said conveyance was made with a fraudulent intent, or with the intent on the part of said Renth and wife thereby to hinder or delay other creditors, and also that said Tuttle or Smith knew of and assented to such intent, the plaintiffs cannot recover.

10. If the property mentioned in the deed of trust in question, or any part thereof, was delivered by Renth or with his consent to Tuttle or his agent, for the purpose and with the understanding that the same was to be sold by the latter and the proceeds applied towards payment of a *bona fide* existing debt from Renth to Tuttle, then the possession of such property by Tuttle or his agent did not constitute an indebtedness on their part to said Renth, except for the excess in value of such property over the debt of said Renth to Tuttle, to which it was to be so applied, and it is for the plaintiffs to prove that either of the garnishees were in any manner indebted to said Renth when summoned in this cause.

The 11th instruction is given in the opinion of the court.

*Lackland, Cline & Jamison,* for respondents.

The deed of trust upon its face, against plaintiffs, who were creditors, was fraudulent and void.

1. It was for the use and benefit of the grantors, and void under the first section of the act concerning fraudulent conveyances. It conveyed all the stock of millinery goods, and it expressly states that it was granted for their mutual benefit, thereby meaning all parties to the deed. It also provides that the grantors should remain in possession of the goods conveyed for the purpose, and with the right of using and selling the same in the regular course of their said business, which was the millinery business. (Brooks v. Wimer, 20 Mo. 503 ; Zeigler v. Maddox, 26 Mo. 577.)

*H. Hitchcock*, for appellants.

The deed of trust, read in evidence in this cause, was not void upon its face as a matter of law. The first instruction given by the court below, at the instance of plaintiffs, declaring said deed so void, was erroneous. The issue of fraud should have been submitted to a jury, or found by the court sitting as a jury. It was for like reasons error to refuse the ninth instruction prayed by garnishees.

It is of importance to review the rulings heretofore made by this court upon this question, under the first section of the act concerning fraudulent conveyances, which declares that " every deed of gift and conveyance of goods and chattels, in trust to the use of the person so making such deed of gift or conveyance, shall be void, as against creditors existing and subsequent, and purchasers."

The uniform principle upon which all these rulings have been made being shown by a comparison of the cases, the error here complained of is manifest.

In this case the deed of trust recites an agreement that the grantors, Renth and wife, should " remain in possession of the property hereby conveyed, (which was a stock of millinery goods in a store occupied by them, in the business of manufacturing and selling millinery articles,) for the purpose and with the right of using and selling the same in the regular and usual course of their said business ; " but, observe, for what purpose ? on what condition ? for whose

benefit is this right expressly declared ? " in order (the sentence continues without interruption) to pay said indebtedness " (namely, the indebtedness of said grantors to the *cestui que* trust, in the deed already recited therein) out of the proceeds of said business ; and further, under what limitation is even this condition declared ? " so long," (still continuing the same sentence) " so long as said business shall be carried on by them in good faith and to the satisfaction of said Tuttle ; " with the further condition, that any attempt by any other creditor to seize said goods should also give to the trustee the right, personally, or by some other agent, to enter and take immediate possession.

It thus appears, touching the agreement, that the grantors should remain in possession and dispose of the property conveyed ; that said agreement involved the following express conditions :

1. That such right of possession and sale by the grantors was given solely in order to enable them to pay the debt secured by the deed out of the moneys they might receive for the goods.

2. That such right was to exist only so long as the grantors carried on the business " in good faith." In good faith towards whom ? Evidently and exclusively towards the creditor by whose permission and to pay whose debt it was to be carried on at all.

3. That as to the existence of this " good faith," and their faithful compliance with this condition, the creditor himself was to be the sole judge, it being required to be carried on not only " in good faith " in fact, but also " to the satisfaction of said Tuttle."

The following are all the cases in which this court has passed upon or construed the first section of the " Act concerning fraudulent conveyances," and it need hardly be remarked that in no case has this court held a deed of trust fraudulent and void on its face, except on the ground that it was made to the use of the grantor. All other questions of fraud have been repeatedly held to be questions of fact, to

be determined by a jury: Shepherd v. Trigg, 7 Mo. 151; Ross v. Crutzinger, id. 245; Milburn v. Waugh, 11 Mo. 369; Robinson's Exr's v. Robards, 15 Mo. 467; Brooks v. Wimer, 20 Mo. 503; Walter v. Wimer, 24 Mo. 63; Martin v. Maddox, id. 575; Martin v. Rice and Maddox, id. 581; Zeigler v. Maddox, 26 Mo. 575; Stanley v. Bunce, 27 Mo. 269; Billingsly v. Bunce, 28 Mo. 551; Howell v. Bell, 29 Mo. 137; Johnson v. McAllister, 30 Mo. 331; id. S. C. 331; State, to the use, &c., v. Tasker, 31 Mo. 445; Voorhis v. Langsdorf, id. 451; State, to the use, &c., v. D'Œnch, id. 453.

That a deed of trust of chattels is not void on its face, necessarily, because it either—*a.* Prefers one or more creditors to the exclusion of others. (Shapleigh v. Baird, 26 Mo. 322; Johnson v. McAllister, 30 Mo. 331; Woods v. Zimmerman, 27 Mo. 107; Johnson v. McAllister, 30. Mo. 331.) *b.* Authorizes the trustee or assignee to sell on credit. (Milburn v. Waugh, 11 Mo. 369; Howell v. Bell, 29 Mo. 137; State, to use, &c., v. Tasker, 31 Mo. 445.) *c.* May be good in part and bad in part, depending on the nature of the articles conveyed by it. (State, to use, &c., v. D'Œnch, 31 Mo. 453; Voorhis v. Langsdorf, compare it, 451; State v. Tucker, 31 Mo. 445; Brooks v. Wimer, 20 Mo. 503; Stanley v. Bunce, 27 Mo. 269, 271; Howell v. Bell, 29 Mo. 137; State v. Tasker, 31 Mo. 445; Voorhis v. Langsdorf, 31 Mo. 451; Martin v. Rice & Maddox, 24 Mo. 581; Brooks v. Wimer, 20 Mo. 503; Howell v. Bell, 29 Mo. 137.)

If, however, this court should be of opinion that the deed was properly held void on its face, then it is contended that the court below erred in refusing instructions prayed by the garnishees, and especially the 11th instruction, prayed by garnishees. For if said deed was void on its face, and was so properly declared by the court, which we deny, it was so under the first section of the "Act concerning fraudulent conveyances," as being in trust to the use of the grantors.

Now, it is held expressly by this court, in the case of the State, to use, &c., v. Tasker, 31 Mo. 445, that in all such

cases the decision does not relate to the motives or intentions of the parties, nor does it impute any actual fraudulent intention to the grantors or grantor, but is based solely upon a principle of public policy, and the purpose and effect of the law in all such cases is simply to make the deed inoperative and void. It becomes a blank paper ; no rights are created by it, and it is as if it had never been made.

*Knox & Smith,* for appellants.

In this case the defendants were summoned as garnishees on the 23d day of April, 1857. The evidence shows that defendants took possession of the goods in the store No. 61 Fourth street, on said 23d day of April.

The evidence relied upon by the plaintiffs to establish the allegation of fraud, is a deed of trust from one Renth and wife to the defendant Smith, (trustee,) to secure a debt due from Renth to Tuttle, dated April 10, 1857.

In this deed of trust it is provided that the parties of the first part should remain in the possession of the property, to use and sell the same in the usual course of business, in order to pay the indebtedness of said parties of the first part, so long as Tuttle should be satisfied with the manner in which the business was conducted. The deed of trust, above referred to, the court below declared, as a matter of law, to be fraudulent and void as to creditors, the court holding that said deed is a conveyance to the use of the parties making said deed. What use the deed in question could create for the parties of the first part it is difficult to comprehend. They only retained the possession of said property to sell the same, and apply the proceeds of such sale to the payment of their debts, and by the terms of said deed they were not permitted to apply such proceeds to any other use.

The deed read in evidence was not fraudulent in law, as to creditors. (See 11 Mo. 369 ; Waugh v. Milburn, 15 Mo. 416 ; Kuykendall v. McDonald, 29 Mo. 135 ; Howell v. Bell, 20 Mo. 468, 506 ; Gates v. Labeaume, 19 Mo. 17 ; 10 Pick. 199.)

Even if the deed of trust be void as to creditors, yet if Smith took possession of the goods in question, such possession gave him the right to sell said goods and apply the proceeds to the payment of the indebtedness of Renth to Tuttle. The deed of trust was undoubtedly good as between the parties. The plaintiffs only claim to hold the proceeds of the goods in the hands of the defendants. The defendants were in the lawful possession for an honest purpose, and what extent a constructive fraud can there be in such a case? The constructive fraud is supposed to come from the terms of the deed and from the fact that the parties of the first part to said deed retained the possession of the property conveyed. In this case the trustee had taken possession of the property before he was summoned as garnishee. There was no possession to the use of the parties executing said deed, but a possession for the purpose of selling the property to pay an honest debt.

If the law, as declared by the court, be correct, then an honest creditor, who has received of his debtor the payment of a *bona fide* debt, (if said payment were received from a trustee who had sold property conveyed to him by a deed constructively fraudulent as to creditors,) can be compelled, many years after the creditor has so received payment, to pay the same money to some other creditors.

DRYDEN, Judge, delivered the opinion of the court.

There is nothing in this case to distinguish it in principle from Brooks v. Wimer, 20 Mo. 503; Walter v. Wimer, 24 Mo. 63; Martin v. Maddox, 24 Mo. 575; Stanley v. Bunce, 27 Mo. 269.

Renth and wife were carrying on the business of milliners in St. Louis, and having become indebted to the appellant Tuttle, and the debt having become due, they got an extension of the time of payment three, six, nine, and twelve months, they conveying their stock in trade and fixtures in their store to the appellant Smith, in trust as security for the debt. The deed expressly reserved to the grantors the right

to remain in possession of the property thereby conveyed, for the purpose and with the right of using and selling the same in the regular and usual course of their said business, until the happening of some one or more of the contingencies in the deed specified, but without any accountability to any one for the proceeds of the sales made in the mean time. The deed, so far as it affected the stock in trade, was a conveyance in trust to the use of the grantors, and it was the duty of the court to declare it void as to the respondents if creditors, under the 1st section of the act concerning fraudulent conveyances. As decided in Stanley v. Bunce, a deed may be good in part and bad in part; and if it be conceded, as the appellants contend under the authority of that case, that the fixtures conveyed in the deed in this case were not in trust to the use of the grantors, because they were not intended by the parties to be embraced within the reservation of the power of sale, still the respondents' first instruction declaring the deed void was not erroneous.

The instructions of the court ought to be shaped with reference to the issue under trial and the evidence bearing upon it. In this case the only property the ownership of which was involved in the issue was the stock in trade.

The deed being offered as evidence, it was the duty of the court to declare its legal effect as bearing upon the issues, but not as to any matter foreign to the issues.

In any view we can take of the case, the respondents' first instruction was properly given. The refusal of the appellants' eleventh instruction, as follows, is urged as a further ground for the reversal of the judgment, viz: " If the jury believe that before either of said garnishees was summoned in this cause, and at the time of issuing the execution herein, said Wm. Renth was indebted to said Tuttle, and that any money or property of said Renth had come into the possession of said Tuttle or his agent with the consent of said Renth, and for the purpose and with the understanding on the part of said Renth and said Tuttle that such money or prop-

erty, or the proceeds thereof, were to be applied as a credit on said Renth's indebtedness aforesaid; and further believe that such receipt and application were *bona fide*, and not with an intent to hinder or delay other creditors of said Renth, so far as Tuttle knew or assented to, then the jury are instructed that the receipt and possession of such money, property or proceeds, with the *bona fide* intention and understanding aforesaid, does not constitute an indebtedness on the part of said Tuttle to Renth; nor can the said plaintiffs recover in this action for any such money or property, or proceeds thereof, unless they have proved that the amount or value of the same exceeded the entire indebtedness of Renth to Tuttle, to which it was so to be applied, and in any case can only recover the excess so proved to an amount not exceeding the sum due or the judgment in favor of the plaintiffs against Renth." A prime objection to this instruction is that there was no evidence in the case on which to base it. The effect and operation of the deed upon the property in dispute was, as we have seen, a question of law for the court, and had already been passed upon and the instrument declared void. Aside from the deed, there was nothing in the case showing, or tending to show, any agreement or understanding whatever between Renth and Tuttle in regard to the property; and the attempt to induce the jury to find a verdict on the supposed understanding between Renth and Tuttle was but an ingenious device to make a void deed answer the purpose of a valid one.

The appellants came into possession and claim the property in controversy under the conveyances from Renth, as is shown as well by their pleadings as by the evidence in the case, and with it they must stand or fall. No error is found in the record. Let the judgment be affirmed; Judge Bay concurring.

BATES, Judge. I dissent upon the ground that garnishment is not the proper proceeding. I think that the plain-

tiff's rights against the garnishee are neither greater nor less than those of defendant, in whose shoes he stands. I think that cases of this character form no exception to the general rule in garnishments.