SPEIGELBERG and others *v.* HERSCH and others.

Filed ——, 1884.

1. CHATTEL MORTGAGE—POWER OF DISPOSITION IN MORTGAGOR—FRAUD.
    A chattel mortgage executed by a merchant to his brother-in-law upon his stock in trade, according to the terms of which instrument the mortgagor is to retain possession of the goods, and go on with his business just as before it was given, is fraudulent, and as to creditors void.
2. SAME—PALPABLE EFFECT TO DELAY CREDITORS—PURPOSE IMPUTED BY LAW.
    A chattel mortgage which allows the mortgagor power to dispose of the goods hypothecated by it, is no security to the mortgagee; and if on its face it shows, as a legal effect, the delaying of creditors, the law imputes to it a fraudulent purpose.[1]

*Breeden & Waldon,* for appellants.
*Gildersleeve & Knaebel,* for appellees.

AXTELL, C. J.    The issue in this case was the truth of an affidavit for attachment.    The affidavit charges that defendants had fraudulently concealed and disposed of their property with intent to hinder, delay, and defraud their creditors.    The facts proved are substantially as follows:    Defendants were merchants in Santa Fe, engaged in a general retail trade; they were indebted to plaintiffs in the sum of about $1,000; that defendant L. Hersch, at Santa Fe, made his certain promissory note to his brother-in-law, Sigmund Praeger, of New York, for the sum of about $6,000; that to secure payment of this note he executed to said Praeger a chattel mortgage upon his stock of goods in his store at Santa Fe, said mortgage covering nearly his entire stock; that it was understood and agreed between Hersch and Praeger that Hersch was to remain in possession of said goods and carry on the business exactly the same as before the mortgage was given, and in fact he did so remain and so conducted the business.

There are some other circumstances in proof which might slightly vary or shade the above statement of facts, but it is believed that there is enough stated to bring out clearly the point made by plaintiff in favor of sustaining the attachment.    Plaintiff asked the court to instruct the jury as follows:

"In law no one can mortgage a stock of goods, and yet remain in possession and carry on the business in the usual way, without paying all the proceeds on the account of the mortgage debt.    If there be other creditors, such mortgage is a fraudulent transfer as to creditors; and if the jury believes, from the evidence, that such were the facts in this case, they must find for the plaintiff."

The effect of this instruction was to take the case from the jury by instructing them that such a mortgage was a fraud in law as to other creditors.    The court refused to give the instructions.    The jury found

[1] See note at end of case.

for defendant and against the truth of the affidavit for attachment, and plaintiff appeals to this court. Substantially, there was no other proof of fraud, or hindering, delaying, and defrauding, except giving this mortgage. Is such a mortgage a fraud in law as to creditors? In *Robinson* v. *Elliott*, 22 Wall. 513, Mr. Justice Davis elaborately reviews the authorities, and reaches the conclusion that such a mortgage is a fraud in law as to creditors. In the language of that opinion: "It is not difficult to see that the mere retention and use of personal property until default is altogether a different thing from the retention of possession, accompanied with power to dispose of it for the benefit of the mortgagor alone." The latter is inconsistent with the nature and character of a mortgage, is no protection to the mortgagee, and, of itself, furnishes a pretty effectual shield to a dishonest debtor;" and, as in that case, so in the case at bar. Whatever may have been the motive which actuated the parties to this instrument, it is manifest that the necessary result of what they did do was to allow the mortgagors, under cover of the mortgage, to sell their goods as their own, and appropriate the proceeds to their own purposes; and this, too, for an indefinite length of time. A mortgage which, in its very terms, contemplates such results, besides being no security to the mortgagees, operates in the most effectual manner to ward off other creditors; and where the instrument on its face shows that the legal effect of it is to delay creditors, the law imputes to it a fraudulent purpose.

The mortgage in the case at bar is simply a fraudulent attempt, under the forms of law, to provide a shield by means of which a dishonest tradesman might ward off his creditors for an indefinite period, and the transaction reflects discredit upon all persons connected with it. The note pretended to be secured is on demand. There is no provision in the mortgage when it is to be paid; but, for fear this should not be a sufficient protection, there is a provision in this dishonest instrument that it shall be a mortgage on goods thereafter to be bought, so long as such purchases shall not exceed the limit mentioned, which is set at $30,000,—about three times as large a stock as the store usually carried. There is also a provision in this fraudulent and scandalous instrument that Praeger, the mortgagee and brother-in-law of the mortgagor, may at any time, upon default of payment of said note, which is payable upon demand, take immediate possession of said stock of goods. So, if the court upholds this mortgage, the mortgagee can at any moment demand his money, and, upon failure to pay, take immediate possession of all the goods in the stock, leaving other creditors without remedy.

In this case, according to the testimony, "the business was to go on just as it had been going on; the store was to be kept open, and Hersch was to go on selling goods; that he was to use the proceeds of sales for expenses and pay his debts in Santa Fe, and remit to Praeger *as he could.*" And it might have been well added that when

he got ready to break, Praeger would own the store in Santa Fe, and he would probably own the one in New York. That this fraudulent transaction should be carried up under the forms of law is simply a scandal to an honorable profession. The law gives no sanction to such arrangements, and will hold them void as against creditors, as tending to encourage and sustain frauds, and to hinder creditors in the collection of their just demands. *Davis* v. *Ransom*, 18 Ill. 396; *Ford* v. *Williams*, 3 Kern. 13 N. Y. 577; *Edgell* v. *Hart*, 13 Barb. 380; *McLean* v. *Lafayette Bank*, 3 McLean, 185, 415, 503, 587; *Addington* v. *Etheridge*, 12 Grat. 436; *Freeman* v. *Rawson*, 5 Ohio St. 1; *Brooks* v. *Wimer*, 20 Mo. 503; *Reed* v. *Pelletier*, 28 Mo. 173; *Armstrong* v. *Tuttle*, 34 Mo. 432.

Judgment reversed.

BELL, J. I concur in the result.

NOTE.

CHATTEL MORTGAGES—MORTGAGOR'S POSSESSION—POWER OF SALE—DISPOSITION OF PROCEEDS. The question here decided has been a fruitful subject of litigation, and the courts are not by any means in accord upon it. The case of Robinson v. Elliott, 22 Wall. 513, first presented the question to the supreme court of the United States. It arose in *Indiana* under a mortgage which provided that the mortgagor "may remain in possession of said goods, wares, and merchandise, and may sell the same as heretofore, and supply their places with other goods," which were to be subject to the mortgage. The mortgage was held to be fraudulent upon its face. Justice DAVIS, delivering the opinion, said: "If chattel mortgages were formerly, in most of the states, treated as invalid, unless actual possession was surrendered to the mortgagee, it is not so now, for modern legislation has, as a general thing, (the cases to the contrary being exceptional,) conceded the right to the mortgagor to retain possession, if the transaction is on good consideration, and *bona fide*. This concession is in obedience to the wants of trade, which deem it beneficial to the community that the owners of personal property should be able to make *bona fide* mortgages of it, to secure creditors, without any actual change of possession. But the creditor must take care in making the contract that it does not contain provisions of no advantage to him, but which benefit the debtor, and were designed to do so, and are injurious to other creditors. The law will not sanction a proceeding of the kind. It will not allow the creditor to make use of his debt for any other purpose than his indemnity. If he goes beyond this, and puts into the contract stipulations which have the effect to shield the property of his debtor, so that creditors are delayed in the collection of their debts, a court of equity will not lend its aid to enforce the contract. * * * As the question has never before been presented to this court, we are at liberty to adopt the rule on the subject which seems safest and wisest. It is not difficult to see that the mere retention and use of personal property until default is altogether a different thing from the retention of possession accompanied with power to dispose of it for the benefit of the mortgagor alone. The former is permitted by the laws of Indiana, is consistent with the idea of security, and may be for the accommodation of the mortgagee; but the latter is inconsistent with the nature and character of a mortgage, is no protection for the mortgagee, and of itself furnishes a pretty effectual shield for dishonesty."

While, in general, the statutes make the recording of the mortgage a substitute for change of possession, yet, in accordance with the views expressed by the supreme court, it is held by one line of decisions that when it is apparent from the face of the mortgage that it does not, and is not intended to, subserve the purpose originally accomplished by change of possession, then it is constructively fraudulent, and invalid as to creditors, and subsequent purchasers in good faith. Thus, under these decisions, the validity of the mortgage generally turns upon whether by its terms the proceeds of sales made by the mortgagor may be used in his business as before, and for his own benefit, or are to be applied to the discharge of the debt. In the former case the mortgage is constructively fraudulent and void. Bannon v. Bowler, (Minn.) 26 N. W. Rep. 237; Wilcox v. Jackson, (Colo.) 4 Pac. Rep. 966; Brasher v. Christophe, (Colo.) 15 Pac. Rep. 403; Gregory v. Whedon, (Neb.) 1 N. W. Rep. 309; Hubbell v. Allen, (Mo.) 3 S. W. Rep. 22; Bank v. Martin, (Idaho,) 23 Pac. Rep. 920; Potts v. Hart, (N. Y.) 1 N. E. Rep. 605. The mortgage is void, whether such stipulation appears from its face or from parol agreement, tacit understanding, or mere permission. Huschle v. Morris, (Ill.) 23 N. E. Rep. 643; Morgan v. Pierson, (Wis.) 25 N. W. Rep. 543; Johnston v. Tut-

tle, (Miss.) 4 South. Rep. 553; Wilson v. Voight, (Colo.) 13 Pac. Rep. 726. But where the mortgage provides that the proceeds of the sales made by the mortgagor in possession shall be applied to the discharge of the debt, it is not fraudulent *per se*, but valid until fraud is proved *aliunde*. Murray v. McNealy, (Ala.) 5 South. Rep. 565; Langert v. Brown, (Wash. T.) 13 Pac. Rep. 704. Yet, in *Nebraska*, it is held that a chattel mortgage containing a provision that the mortgagor may sell in the usual course of business, for the sole purpose of raising money to pay the debt secured, he agreeing to account to the mortgagee for the proceeds, is presumptively fraudulent, but may be shown to have been made in good faith. Davis v. Scott, 34 N. W. Rep. 353. Where there is a provision that the mortgagor may sell in the usual course of trade, and nothing is said as to the disposition of the proceeds, the mortgage is void, since it implies that the mortgagor may use them for his own benefit, Leopold v. Silverman, (Mont.) 16 Pac. Rep. 580; and though there be a provision for an accounting to the mortgagee, the mortgage is void when it appears that, by the mortgagee's consent, the mortgagor actually received part of the proceeds, Id. The *Montana* statute requires an affidavit as to the good faith of the debt secured to be filed with the mortgage, and it is held that a mortgage is not entitled to record without the affidavit; and, when filed without the affidavit, it is void as to a subsequent mortgagee, even though the latter had actual notice of the existence and good faith of the debt. Manufacturing Co. v. Johnson, 24 Pac. Rep. 17. In *North Carolina*, the presumption of fraud, arising from possession and sale by the mortgagor, may be rebutted. Kreth v. Rogers, 7 S. E. Rep. 682. So also in *Nebraska*. Marsh v. Burley, 13 N. W. Rep. 279; Severance v. Leavitt, 20 N. W. Rep. 273.

In other jurisdictions, however, it is held that the mortgagor's possession, with a stipulation in the mortgage that he may sell in the ordinary course of trade, and apply the proceeds to his own use, is not evidence *per se* of fraudulent intent, and the mortgage will be upheld, unless actual fraud is proved. See the *Iowa* cases: Clark v. Hyman, 7 N. W. Rep. 386; Sperry v. Ethridge, 19 N. W. Rep. 657; Jaffray v. Greenbaum, 20 N. W. Rep. 775; Meyer v. Gage, 22 N. W. Rep. 892; Meyer v. Evans, 23 N. W. Rep. 386. Cases in the federal courts arising in *Iowa* seem to be in conflict with this rule. See Crooks v. Stuart, 7 Fed. Rep. 800; Wells v. Langbein, 20 Fed. Rep. 183; Maish v. Bird, 22 Fed. Rep. 576. But in Lyon v. Bank, 29 Fed. Rep. 566, Shiras, J., attempts to reconcile the state and federal cases in a very interesting and instructive opinion. The decisions in *Michigan, Kansas, Indiana, Vermont, Kentucky*, and *Dakota* are in substantial accord with those of Iowa. See Bank v. Bates, 7 Sup. Ct. Rep. 679; Morse v. Riblet, 22 Fed. Rep. 501; Hills v. Furniture Co., 23 Fed. Rep. 432; Leser v. Glaser, (Kan.) 4 Pac. Rep. 1026; Howard v. Wulfekuhler, (Kan.) 13 Pac. Rep. 566; Whitson v. Griffis, (Kan.) 17 Pac. Rep. 801; Stix v. Sadler, (Ind.) 9 N. E. Rep. 905; Fisher v. Syfers, (Ind.) 10 N. E. Rep. 306; Dice v. Irvin, (Ind.) 11 N. E. Rep. 488; Peabody v. Landon, (Vt.) 17 Atl. Rep. 781; Rosenberg v. Thompson, (Ky.) 8 S. W. Rep. 895; Reichert v. Simons, (Dak.) 42 N. W. Rep. 657.

Where there is no change of possession, an unrecorded chattel mortgage is void against the levy of a creditor, Jewell v. Simpson, (Kan.) 16 Pac. Rep. 450; but valid between the parties, and therefore as against the mortgagor's assignee in bankruptcy, Lloyd v. Foley, 11 Fed. Rep. 410. *Contra*, Crooks v. Stuart, 7 Fed. Rep. 800.

Under the *Colorado* statute, which provides that every sale of chattels, unless accompanied with immediate delivery, and followed by continued change of possession, shall be conclusively presumed to be fraudulent and void, it is held that a chattel mortgage, unaccompanied by change of possession, though duly filed, becomes presumptively fraudulent immediately on default in the debt secured, unless change of possession then takes place, since the mortgage is a conditional sale, which becomes absolute on default. Atchison v. Graham, 23 Pac. Rep. 876.

Though possession by the mortgagor with power of sale invalidates a mortgage, the invalidity is cured by an actual taking possession by the mortgagee before attachment by other creditors. Dobyns v. Meyer, (Mo.) 8 S. W. Rep. 251.