THE STATE, Respondent, v. SLATER, Appellant.

1. A married woman, who has been abandoned by her husband for five years, may properly be charged as the head of the family whose peace is disturbed, in an indictment under section 15 of article 7 of the act concerning crimes and punishments (R. C. 1845).

*Appeal from Newton Circuit Court.*

The case is stated in the opinion of the court.

*Hendrick*, for appellant, insisted that there was a variance between the indictment and proof.

*Gardenhire*, (attorney general,) for the State, that there was no variance, cited 3 Humph. 216; 17 Ala. 486; 20 Mo. 75; R. C. 1845, p. 478, § 13.)

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted in the Newton Circuit Court for disturbing the peace of the family of Mary Riggs.

The defendant appeared to the indictment, and upon the trial thereof the State gave evidence " that the defendant, about the 26th or 27th July, 1854, in the night time, disturbed the peace of Mary Riggs and her children, residing and being with her in the said house, for which family she had provided and acted as head of the family since the desertion and absence of her husband, by there making loud and unusual noise, loud and indecent conversation, and by threatening to kill her son, Ira Riggs, and that he would spill his blood in the yard; and that he would have satisfaction for the money he had to pay by the proceedings of Ira Riggs had against him, by spilling his blood in her sight. It was also proved that Mary Riggs was a married woman; that her husband had not lived with her for the last five years; that some five years ago he left her, and took up with another woman and went off—had been seen in the neighborhood some two and a half years since, but had not been heard of since then; she never expected him to return, and if he did return she did not expect to live with him again.

The defendant objected to this evidence as not proper to go to the jury, and moved the court to exclude it from the jury. The court overruled this motion, and permitted the evidence to go to the jury. The defendant excepted, and after a verdict of the jury finding him guilty, he moved for a new trial, which being denied, he brings the case here by appeal.

The only question for our consideration is, was the evidence proper and legal to go before the jury? The 15th section of the 7th article of the act concerning crimes and punishments, (R. C. 1845, p. 396,) declares that " If any person or persons shall, in the night time, wilfully disturb the peace of any

neighborhood, or of *any family*, by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, challenging or fighting, every person so offending shall, upon conviction, be adjudged guilty of a misdemeanor, and be punished," &c. The indictment charges that the defendant did, in the night time, with force and arms, unlawfully and wilfully disturb the peace of the family of Mary Riggs, by then and there making loud and unusual noise, &c. The family disturbed was charged to be the family of Mary Riggs. The defendant objected to the evidence, because it shows Mary Riggs was a married woman, and therefore it was not her family, but the family of her husband. We think the court properly admitted this evidence, and that the family was properly described as being the family of Mary Riggs. Her husband had abandoned her—taken up with another woman, and had gone off—had left her five years before. She had her house and her children living with her; she provided for them. Now, beyond doubt, this was a family. Now who was its head? The evidence showed that Mary Riggs had her children residing and being with her in the house, around which the disturbance was made; that she had provided and acted as the head of the family since the desertion and absence of her husband. Can there be a doubt, then, but she was the head of the family? We think not. She being the head of the family, it was properly described as her family, and the evidence was properly admitted. He who supervises, controls and manages the affairs about a house is the head of a family. A constable in the township where Mary Riggs lives, with an execution against her, would not have doubted for a moment that she was the head of a family. (Wade v. Jones, 20 Mo. 75, and authorities therein cited on this subject.) The judgment below must be affirmed; Judge Leonard concurring.