## LEONARD v. DARLINGTON.

A sale of land in the city of San Francisco by *a portion* of the Board of Commissioners of the Funded Debt does not pass a legal title upon which ejectment can be maintained

The Act of the Legislature confers the power on *five* Commissioners, and though a majority may control, yet it is necessary that all should meet and consult, or have notice of the meeting, that they may attend if they desire.

A general resolution passed by the whole Board a year before the sale in question, that they would sell all the city property to pay her debts, will not give validity to the particular sale made in pursuance of a resolution to sell the particular lot, adopted by only three of the Board shortly before the sale.

APPEAL from the District Court of the Fourth Judicial District.

This was an action of ejectment for a fifty vara lot, on the corner of Beale and Harrison streets, San Francisco. The plaintiff derived title from the Commissioners of the Funded Debt of the city of San Francisco.

The deed from the Commissioners to the grantors of plaintiff was made September 20th, 1852, by P. A. Morse, William Hooper and Beverly C. Saunders, as " the present acting members of the Board of Commissioners of the Funded Debt of the city of San Francisco."

The Board was composed of five members, of whom only the three above named participated in the action of the Board in ordering the sale of the lot in question, in July, 1852; although on the 15th of May, 1851, immediately after the creation of the Board, all the Commissioners met and passed a resolution, that they would sell or lease, at auction, all the real property of the city which should come into their hands, but without any determination of the time, place, or manner of the sale, or of the number of lots to be sold. Under this resolution it does not appear that anything was done.

The transcript of the record in this case occupies nearly four hundred pages, and the brief of appellants occupies fifty printed pages. The above facts, however, are all to which allusion is made in the opinion of the Court; and those points raised by counsel, which are passed upon by the Court, are only reported.

*James B. Townsend* for Appellants.

The deed from Morse, Sanders and Hooper, to Leonard and Gard-

ner, the grantors of plaintiff, was void and insufficient to pass the title, being executed by only three of the five Commissioners.   Laws of 1851, 387, §§ 1, 12 ;  1 Cruise's Dig., Title 12, Ch. 4, § 37 ;  Sample *v.* Lamb's Curator, 2 Lon. R., 275 ;  Sutton *v.* Cole, 3 Pick., 232 ;  Sinclair *v.* Jackson, 8 Cow. R., 582–3–4 ;  1 Sug. on Pow., 143 to 146, side paging; Co. Litt. 112 B.;  Mills *v.* Cowper, 2 Ham. R., 124.

*John T. Doyle* for Respondent.
The power given to the Commissioners by the Legislature, was a power conferred on a public officer, and for a public purpose, and though all should meet and consult, a majority may act, and the act of the majority is the act of the body.  *Ex parte* Rogers, 7 Cow., 526 ; 21 Pick, 75 ;  Crocker *v.* Crane, 21 Wend., 211 ;  Grindly *v.* Barker, 1 Bos., 8 Pul. 229 ;  King *v.* Beeston, 3 D., and East., 592 ;  Orris *v.* Thompson ;  1 Johns., 500 ;  6 Johns., 39 ;  Grant on Corp., 80 ;  23 Wend., 324 ;  17 Johns., 461 ;  7 Wend., 17.
Here the Commissioners met immediately after their appointment, and resolved to sell the whole of the city's property.   The fact that the mere ministerial act of executing the deed was only performed by three of them, does not invalidate the title derived under them.   Hall *v.* Canal Commissioners, 9 Watts, 466 ;  Commissioners of Alleghany Co. *v.* Lecky, 6 Sergt. & R., 170 ;  5 Binney, 481 ;  Doe, dem. Read *v.* Goodwin, 1 Dowl. & Ryl.,  259.
It being proved that the persons signing the deed were the acting Commissioners, their title to their office, or right to execute its duties, cannot be tried collaterally.   People *v.* Collins, 17 Wend., 56 ;  People *v.* Stevens, 5 Hill, 616 ;  People *v.* White, 24 Wend., 525 ;  1 Spencer's R., 387 ;  15 Mass. R., 180.
The only party who could object to the conveyance as made, would be the city, whose property was the subject of its disposition.   It does not lie in the mouth of a mere occupant, who does not connect his possession with the city's title, to object to a want of that rigid regularity in the exercise of the powers conferred on public officers, which the city might have exacted.   Jackson *v.* Dolsen, 5 Johns., 43 ; 1 Caine's Cas. in Er., 17, 20.

This case was decided in the January Term, the opinion of the Court being delivered by Mr. Justice TERRY, and Mr. Justice HEYDENFELDT concurring.
This was an action of ejectment for a lot in San Francisco.   The right of the plaintiff to recover, depends on the validity of a certain deed signed by P. A. Morse, Wm. Hooper and Beverly C. Sanders, styling themselves, Acting Commissioners of the funded debt of the city of San Francisco, conveying the lot in controversy to the grantor of plaintiff.
By the Act authorizing the funding of the floating debt of the city of San Francisco, passed May 1st, 1851, five persons named in said Act are constituted Commissioners, and power is given to them and

their successors, to be appointed as provided in the Act, to receive from the Commissioners of the Sinking Fund, appointed by the Common Council of said city, a conveyance of all the the property of said city, and to sell or lease the property so conveyed, and apply the proceeds to liquidate the debt of said city.

There is no provision of said Act, authorizing a majority, or a less number than the whole of said commissioners, to sell or convey any portion of the property. It is contended by counsel for plaintiff, that the commissioners of the funded debt are public officers, appointed for a public purpose, and though all should meet and consult, the act o the majority is the act of the whole. I do not think this point well taken. The powers conferred on the commissioners were similar in their nature to those of assignees in bankruptcy; they were to receive from the Commissioners of the Sinking Fund a conveyance of certain property, which was to be applied to the payment of the debts then due, and the remainder, if any, after the extinguishment of the debts, was to be re-conveyed to the debtor.

The Act of the Legislature, and the conveyance executed in pursuance to its provisions, vested the property in the *five* commissioners trustees, in trust, for the payment of the debts of the corporation.

In Townsend *v.* Wilson, 1 Barnwell & Alderson, p. 608, the Court held, "That when a power of sale was reserved to three trustees and their heirs, and there was power to appoint new trustees, the two surviving trustees could not execute the power." See also 1 Sugden on Powers 78, 2 B. & A., 405 ; 2 Sum., 264.

The deed in question being the act of only a portion of the commissioners, did not pass a title sufficient to maintain this action. There are numerous other assignments of error by appellant which it is not deemed necessary to advert to in this opinion—indeed, the record is so encumbered with a mass of matter altogether foreign to the case, that it would be an act of injustice to compel the respondent to reimburse the appellant for the unnecessary expense of the transcript.

The judgment is reversed with costs, except the costs of the transcript of the record, and the cause remanded.

A re-hearing being granted, the following opinion was delivered at the April Term, by Mr. Justice TERRY, Mr. Chief Justice MURRAY concurring :

After a careful consideration of the argument and authorities submitted by counsel on the re-hearing of this cause, we see no reason to doubt the correctness of the opinion heretofore delivered.

It is contended by counsel for respondents, that the commissioners of the funded debt constituted a public Board for public purposes, and therefore the act of a majority is valid and binding, as the act of the board. The authorities all agree that although a majority of public commissioners may control, yet it is necessary that all should meet and consult, or have notice of the time and place of meeting, that they may attend if they desire to do so.

It appears that on the 15th of May, 1851, the commissioners met and passed a resolution, to the effect that they would sell or lease at auction, all the real property of the city which should come into their hands; no time, place or terms of sale were agreed on, nor was it determined what number of lots should be sold. It does not appear that anything was done under that resolution.

In July, 1852, three members of the board met and resolved to sell the lot in controversy, with others, specifying the time, place and terms of the sale, and the character of the funds to be received in payment of lots purchased at such sale; at the time of this meeting J. W. Geary, one of the commissioners, had resigned, and D. J. Tallant was absent from the State, and had no notice of the meeting; so that conceding the point contended for by respondents, the sale is invalid, tested by the authorities cited by himself.

For these reasons, in addition to those given in a former opinion, we are satisfied that the judgment of the Court below is erroneous. It is therefore reversed with costs.