GEORGE NASH ET AL., Appellants, v. VIRGINIA F. NOR-
MENT ET AL., Respondents.

### April 16, 1878.

1. Where an insufficiently executed chattel-mortgage is given to secure a *bona fide* debt, and a change of actual possession under the mortgage takes place before any creditor of the mortgageor has acquired rights to the property, the invalidity of the mortgage is immaterial.

2. The contract of a married woman may, by proper proceedings, be made a charge upon her separate estate, but it is not, on that account, a lien upon it.

3. Where a married woman has been abandoned by her husband, but is living with and supporting her child, she is the "head of a family," within the meaning of the execution law.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

M. KINEALY, for appellants: Where a married woman carries on business in her own name in this State, equity will pay her business creditors out of her stock in trade. — *Tuttle* v. *Hoag*, 46 Mo. 43 ; *Miller* v. *Brown*, 47 Mo. 507. The chattel mortgage in this case is void. — *Billingsley* v. *Bunce*, 28 Mo. 547 ; *Reed* v. *Pelletier*, 28 Mo. 173 ; *Brooks* v. *Wimer*, 20 Mo. 503 ; *Milburn* v. *Waugh*, 11 Mo. 369.

V. T. CRAWFORD and T. G. C. DAVIS, for respondents.

BAKEWELL, J., delivered the opinion of the court.

This is a bill in equity to set aside a mortgage upon personal property given by a married woman, and to subject the proceeds of the property to the payment of an alleged indebtedness by the married woman to plaintiffs. The defendants were the married woman and her husband, the mortgagee, and the firm of auctioneers by whom the property had been sold by direction of the parties to the mortgage, and who had the proceeds. The auctioneers having paid the money into court, the proceeding was dismissed as to them.

It appears from the pleadings and evidence in the case that, in March, 1876, Virginia F. Norment received some money from her father's estate, he having died in Louisiana; that at that time she purchased with this money the stock and good-will of a retail grocery store in St. Louis; that her husband carried on the business in her name; that in April, 1876, the goods for which plaintiffs are seeking to obtain payment in this action, consisting of a bill of groceries, amounting to $144, were purchased by her husband in her name; that in May, 1876, she borrowed of her co-defendant Simpson, at the request of her husband, $200, for which she gave her note and executed and acknowledged a mortgage upon the stock in the store. This mortgage provided that she might retain possession and trade, and must keep up the stock, and that the goods replacing those sold in the course of trade should be subject to the mortgage. Mrs. Norment's husband abandoned her and her child. She could not pay the rent of the store, and herself and the goods were about to be turned into the street by the landlord, when, at her request, Simpson, the mortgagee, paid her rent, about $30, and took possession under the mortgage, and had what remained of the stock taken to an auction store, where it was sold for the sum of $400, after deducting expenses. Mrs. Norment has a child, is abandoned by her husband, and has no property whatever except her interest in the proceeds of these goods.

On this state of facts the Circuit Court decreed that plaintiffs take nothing by their suit; and ordered the note of Mrs. Norment to be paid out of the proceeds of the sale, which had been paid into court; and that the balance, something less than $200, be paid to Mrs. Norment. Plaintiffs appeal.

We think that this decree was manifestly right. It is insisted by appellants that the mortgage to Simpson was void. We cannot see what that has to do with the matter. Clearly such a mortgage is bad. But Mrs. Norment had,

nevertheless, a perfect right to pay a creditor, and to protect Simpson, who had lent her money on the faith of this mortgage, by turning over to him actual possession of the property upon which she had given him a mortgage which the law declares to be invalid as a security. As a transfer of possession took place before any creditor acquired rights to this property, the invalidity of the mortgage before possession by the mortgagee is unimportant. It appears that plaintiffs had no lien upon these goods, and the using of them to pay Mrs. Norment's joint debt to Simpson was legal enough. As a legal document, this pretended mortgage, being executed and acknowledged by a married woman without joining her husband, is probably worthless for that reason. So far as the rights of third parties are concerned, it would be bad, however executed. But that gives plaintiffs no right to the proceeds of the goods. The fact that these goods were the separate estate of Mrs. Norment, that credit may have been given to her upon the faith of them, and that by proper proceedings they might be charged with her debts, gave to plaintiffs no lien upon the goods and no priority over other creditors. The contracts of a married woman, made for herself, and on her own name and credit, are presumed to be intended by her as a charge upon her separate estate, and her separate estate may be subjected to their payment in a proceeding for that purpose. But they do not therefore become a lien.

It appeared from the evidence that Mrs. Norment was abandoned by her husband, and was living with her child. She was the head of a family, and she had no other property than the small balance remaining of this fund after paying Simpson. This balance could not be taken for her debts, and it was properly ordered that it should be paid to her. *The State* v. *Seater*, 22 Mo. 464; 20 Mo. 75.

The judgment of the Circuit Court is affirmed. All the judges concur.