GREELEY v. READING;—McCUNE, *Appellant.*

**Possession of Debtor's Property by Creditor:** VOID MORTGAGE. If a creditor in good faith takes possession of a stock of goods belonging to his debtor, under an agreement with the latter that he is to hold possession until his debt is paid, his title will be good as against a subsequent attachment·by another creditor; and the fact that he has taken a mortgage on the same goods, which is for any reason void as against the attachment, will not impair the rights acquired by possession.

*Appeal from Louisiana Court of Common Pleas.*—HON. G. PORTER, Judge.

REVERSED.

*Ed. T. Smith* and *J. C. Dempsey* for appellant.

*Smith & Krauthoff* with *Enoch Pepper* for respondent

HOUGH, J.—On the 30th day of November, 1877, the plaintiffs attached a certain stock of groceries as the property of the defendant Reading, and the appellant McCune interpleaded for the same, under the statute.

It appears from the record that on the 15th day of November, 1877, Reading executed to McCune a mortgage on said stock of groceries to secure the payment to said McCune of a note for $400. On the 16th day of November, 1877, this mortgage was acknowledged and filed for record, in Pike county, where the stock of groceries were situated, but was never recorded, as required by section 2503 of the Revised Statutes, in the county of Lewis, where the mortgageor resided. By the terms of the mortgage the mortgageor was to remain in possession and continue to sell in the usual course of business. The mortgage, therefore, would have been void, as a matter of law, as to creditors and purchasers, prior and subsequent, even if it had been properly recorded. *Weber v. Armstrong,* 70 Mo. 217, and cases there cited. The testimony tended to show, however, that on the 16th day of November, 1877,

McCune took actual possession of the store, and conducted the business under an agreement with Reading that he should take and hold possession until his debt was paid— and that he was so in possession when the attachment was levied. The court held that on this state of facts, McCune, the interpleader, could not recover. If McCune, in good faith, took actual possession of the stock of goods in question, for the purpose of securing the payment of a debt justly due to him from Reading, and continued to hold possession of the same up to the time of the levy of the attachment, it is wholly immaterial that the mortgage was improperly recorded, or that it contained stipulations which rendered it void except as between the parties. This was expressly decided in *Nash v. Norment,* 5 Mo. App. Rep. 545. *Vide* also Jones on Chattel Mortgages, § 178. It should have been left to the jury to say whether these facts existed, and they should have been instructed that if such facts did exist, the interpleader was entitled to recover. The judgment will be reversed and the the cause remanded. The other judges concur.

*Motion for rehearing overruled.*