J. S. Dobyns, Trustee, Respondent, v. G. T. Meyer et al., Appellants.

St. Louis Court of Appeals, December 22, 1885.

1. Fraudulent Conveyances—Debtor and Creditor.—It seems that, as affecting the rights of creditors, there is an essential difference between conveyances which are void because made to the grantor's

use, and those which are invalid as against creditors for want of registry.

2. ——— APPELLATE JURISDICTION.—This difference having been hitherto unrecognized by the supreme court, the courts of appeals, being bound by the last decision of the supreme court, are not at liberty to draw the distinction.

3. ——— Under authority of the last controlling decision of the supreme court (*Greely v. Reading,* 74 Mo. 309), which holds that the title and possession of a mortgagee who has taken, and who holds possession under a mortgage which is constructively fraudulent, is valid as to subsequently attaching creditors, this case is affirmed.

4. APPELLATE JURISDICTION.—The courts of appeals will not sustain a motion for a re-hearing on the ground that its decision is in conflict with a controlling decision of the supreme court, unless it be shown that such decision of the supreme court is the last controlling decision.

5. ——— Where one of the judges of a court of appeals is of opinion that the decision of that court is in conflict with any decision of the supreme court which has not been expressly overruled, the cause may be certified to the supreme court for its final decision.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Transferred to the Supreme Court.*

KEHR & TITTMANN, for the appellants.

JOSEPH S. DOBYNS, *pro se.*

ROMBAUER, J., delivered the opinion of the court.

This is an action of trespass for carrying away the plaintiff's goods. The answer is a general denial. The case was tried by the court sitting as a jury, and resulted in a judgment for the plaintiff for the value of the goods. The defendants appeal.

The plaintiff was trustee in a certain deed of trust conveying the goods in controversy and others to secure an indebtedness due to the Fifth National Bank, and the defendants were creditors of the H. S. Falter Manufacturing Company, the grantor in the deed, and caused part of the property mentioned in the deed of trust to be

taken from the plaintiff's possession by writ of attachment. This is the trespass complained of.

The deed of trust was properly recorded, but there was evidence showing that it was void as to creditors of the manufacturing company for constructive fraud, under the provisions of section 2496, Revised Statutes, as construed by the supreme court in *Stanley v. Bunce* (27 Mo. 269), and *Lodge v. Samuels* (50 Mo. 204).

The manufacturing company made a general assignment for the benefit of its creditors on December 9, 1883. On December 13, 1883, the plaintiff took possession of the goods mentioned in the deed of trust, with the assignee's consent, and on the next day they were seized in the plaintiff's possession, on the defendants' writ of attachment, and a part thereof carried away and sold by the sheriff under said writ.

The judgment of the trial court was predicated upon its view of the law, as embodied in an instruction, given of its own motion, and the correctness of that view is the only point which is presented for our consideration upon this appeal. This instruction is as follows :

"Of its own motion the court declares the law to be that although the deed of trust, under which the plaintiff claims the property, for the value of which he sues in this action, may have been invalid as to the creditors of the grantor therein for constructive fraud, nevertheless, if from the evidence it appears, and the court sitting as a jury finds, that said deed of trust was given for a *bona fide* debt, which remains unpaid, and that the plaintiff, prior to any levy upon said property at the instance of the defendants, took possession of said property under said deed of trust, and the agreement with the assignee of the grantor in said deed read in evidence, then the plaintiff will be entitled to recover in this action."

In *Wells v. Langbein* (20 Fed. Rep. 183), Judge Shiras, of the United States circuit court, northern district of Iowa, discusses this question at length, upon a full review of the authorities, and comes to the conclusion that if the mortgage under which possession is taken, is

fraudulent and void as to creditors, then the effort to enforce it, by taking possession under it, can not purge it of the existing fraud, nor render valid as against creditors, that which the law, on grounds of public policy, declares to be fraudulent, and, therefore, void. He cites in support of this proposition *Cheney v. Palmer* (6 Cal. 123), *Delaware v. Ensign* (21 Barb. 85), *Dutches v. Swartwood* (15 Hun. 31), *Parshal v. Eggert* (54 N. Y. 18), *Blakeslee v. Rossman* (43 Wis. 116), and *Stein v. Munch* (24 Minn. 390). To the same effect is *Janvim v. Frogg* (49 N. H. 351).

All these cases, upon examination, fully bear out the proposition as stated by Judge Shiras, which seems to be the well settled rule in this country, outside of this state.

Of course, it is not contended that a chattel mortgage, which is not bottomed on fraud, actual or constructive, but is invalid merely for defect in execution or want of registry, may not be made fully effectual, even against third persons, by delivery, before the rights of such third persons attach. But these two propositions rest upon a wholly different foundation, and confounding them may have given rise to some confusion which exists in the cases on this subject.

Our statute touching fraudulent conveyances, and we presume the statutes of other states, make that distinction very clear. An unrecorded chattel mortgage is expressly validated by section 2503, Revised Statutes, if delivery be made of the chattels mortgaged. The question is one of notice and not of fraud. But a conveyance, void under the provisions of section 2496, is declared to be *void without any qualification whatever*.

As section 2503 does not say at what time the delivery should take place, it would seem to follow, that in the absence of any fraud in fact, the unrecorded mortgage is validated as to third persons, if delivery takes place at any time before the rights of third persons attach to the property. But as section 2496 makes the conveyance which is to the grantor's use, absolutely void as

against existing and subsequent creditors and purchasers, it is difficult to see on what principle it can ever be validated as to them by matter subsequent.

Where the delivery takes place not under the mortgage, but by way of an independent contract of pledge or preference, the validity of the original mortgage becomes a wholly immaterial inquiry, because the validity of the pledge or preference must be determined by the surrounding facts at the date of that contract.

But there are two decisions in this state opposed to the views hereinabove announced, and fully supporting the declaration of law made by the trial court. These are *Nash v. Norment* (5 Mo. App. 545), and *Greeley v. Reading* (74 Mo. 309).

The facts in the case of *Nash v. Norment* are almost identical with the facts of the case now before us, and it appears by the opinion of the court therein that the fraudulent mortgagee *took possession under the mortgage.* The doctrine that actual delivery validated the mortgage was clearly announced, although nothing was cited in support of the proposition.

In *Greeley v. Reading* the mortgageor was, by the terms of the mortgage, to remain in possession, and continue to sell in the usual course of business; the mortgage was, therefore, void as a matter of law as to creditors of the mortgageor. The mortgagee took possession prior to the levy of the attachment, and the court deciding the case said :

"If McCune (the mortgagee), in good faith, took actual possession of the stock of goods in question for the purpose of securing the payment of a debt justly due to him from Reading (the mortgageor), and continued to hold possession of the same, up to the time of the levy of the attachment, it is wholly immaterial that the mortgage was improperly recorded, or that it contained stipulations which rendered it void except as between the parties. This was expressly decided in *Nash v. Norment* (5 Mo. App. 545)."

We have carefully examined the case of *Greeley v.*

*Reading*, for the purpose of determining whether there is any substantial difference between the facts of that case and this. There is none. That case is the last controlling authority of the supreme court on this question, and for us is conclusive as to the law. Laws 1883, p. 216, sect. 6.

The trial court followed that authority and we are not at liberty to say that its so doing was error.

The judgment is affirmed. All the judges concur.

#### ON MOTION FOR RE-HEARING.

ROMBAUER, J., delivered the opinion of the court.

Our attention is now called for the first time to the case of *Armstrong v. Tuttle* (34 Mo. 432), which seems to be in direct conflict with the case of *Greeley v. Reading* (74 Mo. 309), upon the authority of which the judgment of the trial court herein was affirmed.

The point that the deed, though void as to creditors, became validated by taking possession under it, was expressly made in *Armstrong v. Tuttle, supra*, as appears by the appellants' brief, on page 444, and yet the court in its opinion on page 446, holds that the appellants' case must stand or fall according to the validity of the trust deed under which he claims. We can not distinguish the case before us from *Greeley v. Reading*, as we are asked to do. At the same time, it is evident that the case of *Armstrong v. Tuttle* is also not distinguishable from *Greeley v. Reading*, and yet the supreme court reaches a different conclusion in the latter case, without in terms overruling the former.

The question involved is one of great commercial importance, and the supreme court is inclined, in cases of that character, to carefully re-examine the correctness of its former ruling. *Hamilton v. Marks*, 63 Mo. 167. It is probable that if the attention of the supreme court would have been called to its ruling in *Armstrong v. Tuttle*, when it had the case of *Greeley v. Reading* under consideration, its ruling in the last case would have been different.

I am of opinion that the decision made by this court in its opinion heretofore filed in this cause, is in direct conflict with the decision of the supreme court in *Armstrong v. Tuttle.* Such being the case, we deem the cause is one which may properly be certified to the supreme court under the provisions of section six, of the constitutional amendment, concerning the judicial department.

All the judges concurring, it is ordered that the motion for re-hearing be overruled, that the original transcript be certified to the supreme court for final determination, and that all proceedings on the judgment of this court be stayed until the final disposal of the cause by the supreme court.