DOBYNS, *Trustee*, v. MEYER *et al.*, *Appellants.*

**Deed of Trust**: GOODS IN TRADE : AGREEMENT THAT MORTGAGEOR MAY SELL : POSSESSION. A trustee in a deed of trust on a stock of goods in trade, who takes possession before levy by an attaching creditor, is entitled to hold the property for the purposes of the trust, notwithstanding a previous agreement between the *cestui que trust* and the debtor that the debtor might sell the property in the usual course of business for his own benefit.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

AFFIRMED.

*Kehr & Tittmann* for appellants.

(1) Under the finding of facts by the court below, the deed of trust from the H. S. Falter Manufacturing Company to the plaintiff, as trustee for the Fifth National Bank, was fraudulent and void as against the appellants. *Reed v. Pelletier*, 28 Mo. 177 ; *Weber v. Armstrong*, 70 Mo. 217. (2) Being fraudulent and void as against the appellants, neither the plaintiff nor the Fifth National Bank acquired any rights thereunder as against them. (3) The possession of the trustee under the deed of trust was as good or bad as the deed of trust itself. As the deed of trust was fraudulent, the possession of the trustee, claiming under the fraudulent deed of trust, was affected with the original fraud, and could give him no rights against appellants. The court, therefore, erred in refusing to give the instructions asked by appellants, and in the declaration of law which it gave of its own motion. *Armstrong v. Tuttle*, 34 Mo. 432; *Wells v. Langbein*, 20 Fed. Rep. 183; *Blakeslee v. Rossmann*, 43 Wis. 126 ; *Stein v. Munch*, 24 Minn. 390 ;

*Chemery v. Palmer*, 6 Cal. 120; *Delaware v. Ensign*, 21 Barb. 85; *Lutcher v. Swartwood*, 15 Hun, 31; *Jauvrin v. Fogg*, 49 N. H. 351; *Robinson v. Elliott*, 22 Wall. 313, 327; Wait on Fraud. Con., p. 463, sec. 357; Pierce's Mortgages on Merchandise, sec. 143.

*Joseph S. Dobyns per se.*

The respondent having taken possession of the property before plaintiff's attachment was levied, he was entitled to recover. *Nash v. Norment*, 5 Mo. App. 545; Jones on Chattel Mortgages, sec. 178; *Greely v. Reading*, 74 Mo. 309; *Wood v. Hall*, 23 Mo. App. 116; *White v. Graves*, 68 Mo. 218; *Cameron v. Marvin*, 26 Kan. 612.

BLACK, J.—This is a suit for damages for carrying away doors and other manufactured building material. The judgment, which was for the plaintiff, was affirmed by the St. Louis court of appeals; but the case was then certified to this court, because one of the judges deemed the opinion contrary to a previous decision of this court. The facts are these: On the twentieth of September, 1883, the Falter Manufacturing Company made to plaintiff, as trustee, a deed of trust upon certain real and personal property, including a stock of planing mill material, to secure a large indebtedness to the Fifth National Bank. On the ninth of the following December, the manufacturing company made an assignment of all of its property for the benefit of all its creditors. The property in question was then turned over to the assignee. The assignee then gave the trustee in the deed of trust possession of all the property therein described, real and personal, including the property in question. After this, the defendants, creditors of the manufacturing company, levied a writ of attachment upon the property now in dispute, sold the same and applied the proceeds to the payment of their debt. The deed of trust was duly recorded before the assignment.

There was evidence tending to show that at the date of the deed of trust, there was an understanding between the bank and the manufacturing company that the latter might sell the stock in trade in the usual course of business for its own benefit. But notwithstanding this agreement, the court instructed, that if the plaintiff, prior to the levy of the attachment, took possession of the property under the deed of trust and the agreement of the assignee, then the finding should be for the plaintiff, and in this, it is claimed, the court erred. It is not claimed that the agreement between the assignee and the trustee could or did amount to a new pledge. Indeed, it seems to be conceded that the trustee took possession by virtue of the deed of trust, and not otherwise. The agreement between the bank and the manufacturing company, that the latter might sell the stock in trade in the usual course of business, rendered the deed of trust fraudulent in law, as to creditors of the manufacturing company, as to the stock in trade ; not, however, because there was any actual fraudulent intent, but because the conveyance was one to the use of the grantor. R. S., 1879, sec. 2496.

The sole question, then, is, whether the fact that the trustee took possession of the property in good faith, for the purposes specified in the deed of trust, with the consent of the assignee, made the deed of trust valid, as against creditors attaching after possession by the trustee. Cases are cited to show that possession by a mortgagee does not purge the mortgage of its fraudulent character ; and among them our attention is called to *Armstrong v. Tuttle*, 34 Mo. 432. In that case the mortgage was fraudulent on its face because of a stipulation allowing the mortgageor to sell, etc. Some of the expressions of the court favor the contention that possession by the mortgagee would not make the mortgage valid. But the subsequent case of *Greeley v. Reading*, 74 Mo. 309, is not unlike the present one.

Dobyns v. Meyer.

Reading had executed a mortgage to McCune upon a stock of groceries. The mortgage contained a stipulation rendering it void as to creditors, because it was held the stipulation made the mortgage one for the use of the grantor. Before the levy of the attachment, McCune, under an agreement with Reading, took possession of the stock in good faith, and because he did- this it was held that it was wholly immaterial that the mortgage was improperly recorded, or that it contained the stipulation that rendered it void, except as between the parties thereto. There, as in this case, the possession was taken by virtue of the mortgage. The case cites with approval, *Nash v. Norment*, 5 Mo. App. 545, and Jones on Chattel Mortgages, section 178, where the same doctrine is asserted.

The principle of that case had been previously intimated, if not expressed, in *Hewson v. Tootle*, 72 Mo. 632, and has been again asserted and approved in *Petring v. Chrisler*, 90 Mo. 650. To the same effect is *Cameron v. Marvin*, 26 Kan. 612. Notwithstanding the agreement that the manufacturing company might sell the stock in trade in the usual course of business, the deed of trust was valid as between the parties thereto. No actual fraud was intended by the parties, and it would seem that,· if the objectionable parol agreement was abrogated before the rights of creditors attached, the deed of trust ought to be held valid from that time on, even as to creditors. An entirely new pledge, freed from such agreement, would have been valid. The effect of taking possession under the deed of trust for the purposes therein specified, with the consent of the assignee, was to abrogate the previous objectionable parol agreement. At all events, the question in this case is settled by the cases last cited ; and they will not be disturbed.

The judgment is, therefore, affirmed. All concur.