MANHATTAN BRASS COMPANY, Appellant, v. WEBSTER GLASS AND QUEENSWARE COMPANY, Defendant; JOHN STEPHENSON, Garnishee, Respondent.

St. Louis Court of Appeals, May 28, 1889.

1. **Corporation.** An insolvent, but alive and active, corporation has the same right to prefer creditors as a natural person.

2. **Chattel Mortgage.** A provision in a chattel mortgage, which reserves to the mortgagor the right until condition broken to retain possession of the mortgaged property, and to sell it in the ordinary course of business, but requires him to pay to the mortgagee the net proceeds of sales, does not render the mortgage fraudulent *per se*, as being a conveyance to the use of the grantor.

3. ———. A chattel mortgage, which is fraudulent *per se*, because of a power of sale therein reserved to himself by the mortgagor, becomes valid, if possession of the mortgaged property is, prior to any levy thereon under legal process, taken by the mortgagee.

4. **Corporations:** NOTICE TO. The knowledge of facts, which is acquired by the officer of a corporation in the course of his private business, and not in his official capacity, does not constitute the knowledge of the corporation, and does not constitute notice to the corporation.

5. ———: CORPORATE ACTION. A conveyance authorized at a meeting, at which all the shareholders are present, and sign a written consent to the proceedings on the record thereof, pursuant to Revised Statutes, section 735, is as effective as if authorized by the directors of the corporation.

6. **Practice, Appellate:** PRESUMPTIONS IN FAVOR OF TRIAL COURT. When instructions given for an appellee in the trial court are mislaid, and therefore not copied into the transcript, the presumption is in favor of their correctness, and their having been mislaid is not ground of a reversal for the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*W. B. Homer*, for the appellant.

(1) It appearing upon the face of the deed that the grantor was permitted to sell the property conveyed,

"in the ordinary course of trade," and to pay over to the *cestui que trust* only the "net proceeds" and not the whole proceeds, the deed was void as being for the benefit of the grantor. *Stanley v. Bunce*, 27 Mo. 269; *Billingsley v. Bunce*, 28 Mo. 547; *Weber v. Armstrong*, 70 Mo. 219; *State v. Tasker*, 31 Mo. 445; *Reed v. Pelletier*, 28 Mo. 173; *White v. Graves*, 68 Mo. 223; *Dunlap v. O'Dena*, 1 Rich. [S. C.] 272; *St. John v. Railroad*, 22 Wall. 136; *Fuller v. Miller*, 105 Mass. 103; *State v. Mueller*, 10 Mo. App. 87. (2) The intention of this deed of trust was to give the defendant corporation the opportunity to compromise with its creditors, and for this purpose to hold the property free from the attacks of creditors, and the deed was therefore void. *Reed v. Pelletier*, 28 Mo. 177; *Bullene v. Barrett*, 87 Mo. 189; *Petring v. Chisler*, 90 Mo. 656. (3) The chattel deed of trust was void for the reason that the notes attempted to be secured were without consideration being given for the debt of Webster, and not for the debt of the corporation. 2 Morawetz on Corp., sec. 792; *Sumner v. Summers*, 34 Mo. 346; *Buckingham v. Fitch*, 18 Mo. App. 99; *Cordes v. Straszer*, 8 Mo. App. 61. (4) The defendant corporation possessed no power to execute this deed of trust, conveying all of its property to parties who were not creditors of the corporation. *Nat. Trust Co. v. Miller*, 33 N. J. Eq. 155; Taylor on Corp. [2 Ed.] secs. 273 and 274; Wood's Field on Corp. [2 Ed.] sec. 241, p. 386; *Stark Bank v. Pottery Co.*, 34 Vt. 148; *Smead v. Railroad*, 11 Ind. 109; *Jones v. Morrison*, 31 Minn. 147. "After the insolvency of a corporation, although the legal ownership of the assets may continue as before, the beneficial interest of the stockholders clearly no longer exists. In equity, as well as at law, the beneficial interest therein belongs to the creditors. The capital is the fund they trusted, and to which, with the after-acquired property or assets of the corporation, they can look for indemnity. Both stand pledged for

the payment of the corporation debts.'' 2 Morawetz on Corp., secs. 788–792 and 794; Taylor on Corp., secs. 654, 657; *Nat. Trust Co. v. Miller*, 33 N. J. Eq. 155; *Roan v. Winn*, 93 Mo. 509; *Shickle v. Watts*, 94 Mo. 417; *Eyerman v. Krieckhaus*, 7 Mo. App. 455; *Chouteau v. Dean*, 7 Mo. App. 214; *Spurlock v. Railroad*, 90 Mo. 207; *Hutchison v. Green*, 91 Mo. 375; *Bent v. Hart*, 10 Mo. App. 146; *Single v. Hogan*, 45 Mo. 110; *Skrainka v. Allen*, 7 Mo. App. 437; Thompson on Liability of Stockholders, sec. 10. (5) The court erred in refusing instruction number ''8'' declaring, that as Aehle was chosen a director of the defendant corporation, at the request of the Continental Bank, in whose employ he was, that the bank was charged with the notice of the financial condition of the defendant corporation, as well as with the character of the indebtedness sought to be secured. *Corbett v. Woodward*, 5 Saw. 416; *Jones v. Ark. M. A. Co.*, 38 Ark. 17 ; *McLellan v. Board of Public Schools*, 15 Mo. App. 362; *Kitchen v. Railroad*, 69 Mo. 226; *Roan v. Winn*, 93 Mo. 509; *Leavitt v. LaForce*, 71 Mo. 356; *Packet Co. v. Davidson*, 95 Mo. 473. (6) The case should be reversed for the reason that the court unreasonably restricted appellant's examination of respondents' witnesses, they being the real parties in interest. *Smalley v. Hale*, 37 Mo. 102. (7) The action of the court in taking the instructions, and, after passing upon them, refusing to produce them for incorporation in the bill of exceptions, is such an error as will cause the reversal of the case. *Cunningham v. Snow*, 82 Mo. 593; *Altum v. Arnold*, 27 Mo. 264; *Easley v. Elliott*, 43 Mo. 289; *Wilson v. Railroad*, 46 Mo. 36; *Harrison v. Bartlett*, 51 Mo. 170; *Lawrence v. Shreve*, 26 Mo. 492

*Lee & Ellis* and *Cochran, Dickson & Smith*, for the respondent.

(1) The chattel deed of trust in this case is valid in law. While it provides that the mortgagor shall have the right to retain possession of the property before

conditions broken, and sell in the usual course of trade, it requires the net proceeds of all property sold to be paid over to the mortgagees in satisfaction of their indebtedness. *Metzner v. Graham*, 57 Mo. 404; *Hubbell v. Allen*, 90 Mo. 576; *Hughes v. Cory*, 20 Iowa, 404; Jones on Chat. Mort., sec. 425. The rule in *Hughes v. Cory*, *supra*, is the general rule in Iowa, Kansas, Kentucky, Maine, Massachusetts, New Hampshire and South Carolina. See cases cited, Jones on Chat. Mort. [3 Ed.] note to secs. 388, 389, 390, 391, 393, 399 and 405. (2) The doctrine in seventeen states and territories (including Missouri) is that possession of mortgaged goods with power of disposal does not make the transaction fraudulent *per se*, but at most is only *prima facie* evidence of fraud, which is a question of fact for the jury under all the evidence and the circumstances of the case. Jones on Chat. Mort. [3 Ed.] secs. 415 and 397; *Bank v. Bates*, 7 Sup. Ct. R. [Sup. Ct. U. S.] 681; *Henson v. Tootle*, 72 Mo. 632. In the present case the finding of the court was in favor of the garnishee, and hence is conclusive as to the absence of such fraud in fact as will avoid the deed. *Petring v. Chrisler*, 90 Mo. 654. (3) Where the mortgagee or his trustee in good faith takes possession of the property mortgaged prior to the levy of an attachment or service of garnishment, for the purpose of securing payment of his debt, and continues to hold possession up to the time of levy, he will be protected as against subsequent attaching creditors, even though the mortgage contains stipulations which render it void except as between the parties. *Dobyns v. Meyer*, 95 Mo, 132; *Petring v. Chrisler*, 90 Mo. 654; *Greeley v. Reading*, 74 Mo. 309; *Nash v. Norment*, 5 Mo. App. 545; *Cameron v. Marin*, 26 Kas. 612; Jones, Chat. Mort., sec. 178. (4) The debt of the Continental Bank was originally incurred by W. H. Webster & Co., the immediate predecessor of the corporation known as the Webster Glass and Queensware Company. This corporation succeeded to all of the assets of the firm, and

in law became responsible for all its liabilities. 2 Morawetz on Corp. [2 Ed.] sec. 791, and cases cited; *Booth v. Bunce*, 33 N. Y. 139. (5) Declarations of law in a case tried by a court without a jury are of but little use, except to show the theory on which the case was tried. *Cooper v. Ord*, 60 Mo. 420; *Schureman v. Railroad*, 5 Mo. App. 570; *Stone v. Pennock*, 34 Mo. App. 544, " Courts refuse to reverse judgments because of errors in giving or refusing instructions where they can see from the whole record that substantial justice has been done. 2 Thompson on Trials, sec. 2403; *Williamson v. Drew*, 9 Mo. App. 598.

ROMBAUER, P. J., delivered the opinion of the court.

This is a proceeding upon garnishment. The plaintiff, a creditor of the defendant company, caused Stephenson to be summoned as a garnishee, March 14, 1885; but upon the trial of the issues between himself and the garnishee, judgment was rendered in favor of the garnishee, whence this appeal. The issues between the plaintiff and garnishee are made up by denial and reply in the following manner : The denial states that at the date of the service of the garnishment the garnishee had in his possession and custody and charge a large stock of merchandise, consisting of glass, china and queensware, office furniture and fixtures, and an iron safe, belonging to the defendant. The denial further states, that since the service of the garnishment and prior to the filing of the answer, the garnishee became indebted to the defendant in the sum of twenty thousand dollars, by reason of the sale of said property. The denial then proceeds to state that on July 24, 1884, the defendant, being then largely indebted to the plaintiff and others, executed a chattel deed of trust, conveying to one Bosbyshell, as trustee, the merchandise and chattels above stated, to secure the payment of two notes, bearing even date with the mortgage, and payable ninety days

after date, one being to Branch for ten thousand dollars and the other to the Continental Bank for forty-five hundred dollars. That the said deed of trust contained the following stipulations :

"The said Webster Glass and Queensware Company shall have the right to retain possession of the property described in this deed before the conditions specified herein are broken, and shall have full power and authority to sell the same in the ordinary course of trade, provided, however, that, from the time of the execution and delivery of this deed, the net proceeds of all the goods, wares and merchandise, so sold by this company, shall be by this company paid over to the said Joseph W. Branch and the Continental Bank of St. Louis, the owners and holders of the notes above specified, until the said notes and interest thereon are fully paid and satisfied.

"It is also stipulated and agreed to by and between the parties hereto that in case of seizure of any of the property described in this chattel deed of trust under a writ of execution, attachment, replevy or other process, that the notes secured by this chattel deed of trust shall at once become due and payable, and the said party of the second part shall thereupon be entitled to take immediate possession of all the property mentioned and described in this chattel deed of trust, and may thereupon proceed to sell the same either at public or private sale, at wholesale or retail, and at such time or times and upon such terms as he may deem most advantageous for the interests of all parties concerned, for the purpose of paying and satisfying whatever may be found to be due on said notes as aforesaid."

The denial then charges that said deed of trust was void, being executed without authority of the corporation, and was executed and delivered as the result of a fraudulent conspiracy to hinder, delay and defraud the plaintiff and other creditors of the company; that it was further void because it appears upon its face to be

in trust and to the use of the defendant company; that the notes to Branch and the Continental Bank were void as against the plaintiff, being given without any consideration received by the defendant company, who was not indebted to the payees in any sum whatever.

The garnishee's reply denied the allegations of plaintiff's denial. It further stated that the chattel deed of trust was made for the purpose, and no other, of securing the notes mentioned therein, which were given for the considerations therein expressed; that the deed was duly recorded the day succeeding its date; that Bosbyshell, the trustee, took possession under it after the notes matured, and, upon his refusal to act afterwards, the garnishee was appointed trustee, took possession, and was in possession when summoned; that thereafter and before filing his answer, he disposed of the property under the provisions of the deed of trust, for less than the amount of the notes secured, and accounted for the proceeds to the beneficiaries of the trust.

These being the issues, it will be seen that three questions were presented to the trial court for determination: *First.* Whether as a matter of law the chattel deed of trust was void or voidable against the creditors of the mortgagor, and incapable of validation by delivery of the property mortgaged, prior to its seizure upon the plaintiff's writ of attachment? *Second.* Whether the execution of the mortgage was unauthorized by the corporation, and thus ineffectual to create a lien upon its property? *Third.* Whether the mortgage was fraudulent in fact and as such void against the creditors of the corporation?

The plaintiff, appealing, maintains that all these questions should receive an affirmative answer, under the established facts, and that an affirmative answer to either demands a reversal of the judgment.

The last of these propositions depends for its solution on controverted facts. The plaintiff adduced

evidence tending to show that, when the deed of trust was executed, the two beneficiaries knew that the mortgagor was in an insolvent condition, and knew or had reason to suppose that it was executed with an intent to force a compromise with other creditors of the company. The plaintiff also introduced evidence tending to show that the two beneficiaries knew, or had reason to know, that the notes secured were original debts of Webster, and mere renewals of his obligations, and not debts of the corporation, and that the execution of the deed of trust by Webster as president, securing these notes, was in fraud of the corporation and its creditors. On the other hand, the garnishee offered evidence tending to show, that the beneficiaries in good faith advanced the money, evidenced by these notes, believing that it was advanced to, and to be used for, the purposes of the corporation.

Upon the issues thus presented, the plaintiff asked seven instructions. Of these, the court gave six and refused one. It also refused two other instructions, which plaintiff asked on other points of the case. Without setting out these instructions in detail, it suffices to say, that they were more favorable to plaintiff than it had any right to demand. Some of them stated propositions of law so erroneously in plaintiff's favor that, if the court had found for plaintiff, we would have been bound to reverse the judgment, unless the deed is void as a matter of law. The garnishee in this case is a mere trustee for the beneficiaries, and was not even an original party to the deed. If the beneficiaries occupied the position of purchasers for value, it is evident that before their rights could be affected by any fraud in the execution of the deed, they must have been privies to such fraud by participation therein. That proposition is elementary. *Little v. Eddy*, 14 Mo. 160 ; *Forrester v. Moore*, 77 Mo. 651; *Craig v. Zimmermann*, 87 Mo. 475. If the law were as stated in some of the instructions

given for plaintiff, it would have some reason to com-
plain that the finding under the evidence was against
the law; but as the law is otherwise that branch of the
case presents nothing for review here.

The argument of plaintiff's counsel, if we under-
stand it rightly, goes to this extent: That the assets of
an insolvent corporation are a substitute for its capital
stock; that the capital stock of a corporation is a trust
fund for the payment of all its creditors; and that it is
a logical sequence from these premises that such assets
cannot be applied by the corporation for any other pur-
pose than the ratable payment of existing creditors,
and hence cannot be subjected by the corporation to a
lien in favor of mortgagees for value. This entire argu-
ment rests on a total misconception of the law. One
dealing in good faith with an insolvent, but live and
active, corporation is as fully protected as if dealing
with an individual, as long as the corporation acts
within its charter powers. By the statute of this state,
Revised Statutes, section 3937, a person who pays
money to a trustee is not responsible for its proper
application. It has been held by this court and others
that even as to the capital stock of a corporation, which
is under the unquestioned American rule a trust fund
for all of its creditors, one, who buys in good faith
shares fraudulently issued as full paid, is not chargeable
with the unpaid portion of such shares by the creditors
of the corporation ( *Keystone Bridge Co. v.
McCluney*, 8 Mo. App. 496; *Foreman v. Bigelow*, 4
Cliff. 508); and such holding has been approved by the
supreme court. *Erskine v. Lowenstein*, 82 Mo. 301.

The deed of trust provides that the merchandise con-
veyed shall remain in possession of the mortgagor until
condition broken, but also provides for the payment
over of net proceeds of sale to the beneficiaries. The
appellant contends that the case is distinguishable from
*Metzner v. Graham*, 57 Mo. 404, and *Hubbell v. Allen*,
90 Mo. 576, because in those cases the mortgagor was to

account to the mortgagee for the sales and use their proceeds to pay the indebtedness secured. The supreme court declared the mortgages in the above cases valid, and not contrary to the statute which prohibits conveyances to the grantor's use. We confess that the distinction between *Hubbell v. Allen*, and the present case, is rather shadowy, as the term net proceeds implies proceeds less expenses of sale. Regardless, however, of the attempted distinction, the question becomes immaterial in view of the conceded fact, that the trustee took possession of the property conveyed, prior to the goods being attached. In that respect the case is stronger against plaintiff than *Nash v. Norment*, 5 Mo. App. 545, cited and approved by the supreme court in *Greeley v. Reading*, 74 Mo. 309, and reaffirmed in *Dobyns v. Meyer*, 95 Mo. 132. In *Nash v. Norment, supra*, it was conceded that the deed was void upon its face, its provision making it one for the use of the grantor, and yet this court held it was validated by subsequent delivery of the property. We gave our reasons in *Dobyns v. Meyer*, 20 Mo. App. 66, why the rule should be otherwise, and certified the case to the supreme court, so that that court might frame a different rule on the subject. The subsequent adherence by that court to the rule stated in *Nash v. Norment* and *Greeley v. Reading*, precludes all further argument on this question.

The plaintiff claims that the evidence conclusively shows that the deed of trust was unauthorized by the corporation, and not the instrument of that body. It appeared in evidence that when the execution of the deed was determined upon, Webster was the sole stockholder of the corporation. As corporations sole are not known to our laws, and there was no board of directors capable of acting, the attorney for one of the proposed beneficiaries caused Webster to transfer one share of stock to each of two other parties. The three parties, being all the stockholders, then met and authorized the execution of the mortgage. It does not appear that

either of these two outside shareholders were ever elected directors. The statute, section 735, Revised Statutes, provides that when all the members of a corporation shall be present at any meeting, however called or notified, and shall sign a written consent thereto on the record of such meeting, the acts of such meeting shall be as valid as if legally called and notified. As all this was done in the present instance, and as it cannot be questioned that all the members of the corporation can confer at least as much authority as its board of directors could, we cannot see the force of plaintiff's argument on this point.

The next point made by plaintiff is that, as one of the new stockholders was a clerk or employe of one of the beneficiaries, such beneficiary at once became chargeable with notice of the insolvency of the defendant corporation, and the purposes for which such mortgage was executed. In reply to this, it will suffice to say that it has been repeatedly decided in this state, that knowledge, which comes to a corporation officer through his own private transactions and beyond the range of his official duties, is not the knowledge of the corporation, and attaches to the latter no responsibility by way of notice. *Bank v. Shaumburg*, 38 Mo. 228; *State Savings Ass'n v. Printing Co.*, 25 Mo. App. 642, 650.

Complaint is made by the plaintiff that the court failed to file instructions given for the garnishee. It would seem from a recital in the transcript that the court determined to give some declarations of the law for the garnishee, but that they were mislaid and could not be found when the transcript was prepared. It suffices to say, in disposing of this complaint, that it is not preserved by motion for new trial, and for that reason, if for no other, not subject to review here. Even if preserved by motion for new trial, we could not assume that the instructions thus given were erroneous, still less could we do so when the instructions given on behalf of

the plaintiff show that they are more favorable to plaintiff than he had any right to demand. Instructions 1 and 8, asked by plaintiff and refused, were on the subject of the mortgage being void upon its face, and of notice to the beneficiary corporation by implied notice to its clerk. Both have been disposed of by what has been hereinabove stated. Instruction 5, also refused, is a mere comment on the evidence, argumentative, and touching an immaterial issue. It might have been properly refused on either of these grounds.

The only additional error complained of is that the allowance to the garnishee was excessive. On what was a proper allowance, the court, as the transcript shows, heard evidence which is not preserved in the record. There is nothing before us on which we can review that finding.

It results that the judgment must be affirmed, and, all the judges concurring, it is so ordered.